IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLE BOURNE, :
:
      Plaintiff, :
:
v. : Civ. No. 20-1676-LPS
:
GOLDEY-BEACOM COLLEGE, :
:
      Defendant. :

_____

Carole Bourne, Wilmington, Delaware, Pro Se Plaintiff.

Kathleen Furey McDonough, Esquire, and Jennifer Penberthy Buckley, Esquire, Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 28, 2022
Wilmington, Delaware

**STARK, U.S. Circuit Judge:**

## I.  INTRODUCTION

Plaintiff Carole Bourne ("Plaintiff"), who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, commenced this employment discrimination action on December 10, 2020, pursuant to 42 U.S.C. §§ 12101, *et seq*. (D.I. 2)  Before the Court are Defendant's motion to dismiss and Plaintiff's motion to strike and motion in limine. (D.I. 10, 14, 15)

## II.  BACKGROUND

The Complaint is brought pursuant to the Americans with Disabilities Act ("ADA") and alleges Plaintiff was discriminated against on November 3, 2020, filed a charge of discrimination with the Delaware Department of Labor on March 11, 2020, and her employment was terminated on March 12, 2020.[1]  (D.I. 2 at 2)  The EEOC sent Plaintiff a notice of suit rights dated September 11, 2020.  (D.I. 2-1 at 1-3)  Plaintiff seeks injunctive relief, appointment of counsel, backpay, reinstatement, and compensatory damages.  (D.I. 2 at 3)  Approximately one month after Plaintiff commenced this action, she submitted copies of a Goldey-Beacom College Spring Career Fair flier held on March 11, 2020, a July 8, 2014 letter from VC Enterprises, and a screen shot of text messages.  (D.I. 5)

Defendant moves to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (D.I. 10, 11)  In turn, Plaintiff filed a motion to strike that motion and a motion in limine.  (D.I. 14, 15)

---

[1] It appears Plaintiff may have transposed certain dates.  Because of this potential mistake, and because the Court is providing Plaintiff an opportunity to file an amended complaint, the Court will deny without prejudice Defendant's motion to dismiss on the grounds of failure to exhaust administrative remedies.

### III. PLAINTIFF'S MOTIONS

#### A. Motion to Strike

Plaintiff moves to strike Defendant's motion to dismiss "because Defendant never required a motion in limine asking for supporting documents for relief" and, apparently because she now wishes to raise a breach of contract claim in addition to her ADA claim. (D.I. 14) Plaintiff provides no grounds for striking the motion to dismiss. *See* Fed. R. Civ. P. 12(f) ("[T]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). The motion will be denied.

#### B. Motion in Limine

Plaintiff filed a motion in limine to admit into evidence a letter from her physician, referencing ongoing treatments as of April 4, 2021. (D.I. 15) Motions in limine allow the court, among other things, "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 41 n.2 (1984). Here, it is not clear what relief Plaintiff seeks. In addition, it would be premature at this stage to make decisions about the admission of evidence. Hence, the Court will deny the motion.

### IV. MOTION TO DISMISS

#### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to

2

dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and

unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B.    Discussion**

Defendant moves for dismissal on the grounds that Plaintiff failed to attach a copy of her charge of discrimination and because the Complaint is devoid of factual allegations supporting an ADA discrimination claim.

A complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 129 S.Ct. at 1949.

Plaintiff's Complaint is deficiently pled. Paragraph 12 of Plaintiff's Complaint states that a copy of the charges filed with the EEOC is attached to the complaint and is submitted as a brief statement of the facts of Plaintiff's claim.[2] (*See* D.I. 2 at ¶ 12) But the charge of discrimination was not attached to the complaint. In addition, other invoking the ADA, the Complaint does not describe Plaintiff's alleged disability or her relationship with Defendant. As it now stands, the

---

[2] Plaintiff's motion to strike also appears to be intended as an opposition to the motion to dismiss. In it, Plaintiff refers to facts not included in the complaint and appears to attempt to add claims. This is not the appropriate method for attempting to cure pleading deficiencies. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) (stating it is improper to use opposition to motion to dismiss to amend complaint). Plaintiff is being granted leave to file an amended complaint.

4

Complaint lacks sufficient detail for Defendant to properly answer. Therefore, the Court will grant Defendant's motion to dismiss, but will give Plaintiff leave to amend.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 10); (2) deny Plaintiff's motion to strike and motion in limine (D.I. 14, 15); and (3) give Plaintiff leave to amend.

An appropriate Order will be entered.